IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Stoltz, ) | |
|     Plaintiff, ) | |
| ) | No. 20 C 1919 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| National Railroad Passenger Corp. ) | |
| (AMTRAK), ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [8] is granted. The case is dismissed without prejudice. Civil case terminated.

## STATEMENT

Plaintiff filed suit against Amtrak after it terminated his 17-year employment as a police officer for the railroad company. Amtrak moves to dismiss the complaint on the grounds that the case must proceed to arbitration.

In support of its motion to dismiss, Amtrak filed the declaration of Angela Heverling, its Claim and Discipline Administration Manager, who manages appeals of disciplinary actions pursuant to the terms established in collective bargaining agreements between Amtrak and its employees' labor unions.[1] (Def.'s Mem. Supp. Mot. Dismiss, Ex. A., Dkt. # 9-1, ¶ 1.) According to Heverling, Amtrak terminated Plaintiff's employment on April 26, 2018, for violations of its Code of Conduct, its Code of Ethics, and its policy prohibiting harassment. (*Id*. ¶ 2.) The union representing Plaintiff, the Fraternal Order of Police ("FOP"), subsequently grieved his discipline pursuant to Rule 34 of its collective bargaining agreement ("CBA") with Amtrak. (*Id*. ¶ 3.) The FOP's grievance requested that Plaintiff's dismissal be reduced to a suspension. (*Id*. ¶ 4.) Amtrak Chief of Police Neil Trugman denied the grievance on June 7, 2018, and the FOP appealed that decision to Amtrak's Labor Relations Department, which denied the appeal on October 19, 2018. (*Id*.)

Pursuant to Rule 34(F) of the CBA, the FOP originally appealed the Labor Relations Department's decision to a Special Board of Adjustment. (*Id*. ¶ 5.) Following additional negotiations with Amtrak, however, the FOP elected not to pursue the grievance to arbitration and withdrew the claim it made on behalf of Plaintiff. (*Id*.) Plaintiff then filed an individual

---

[1] "To determine whether subject matter jurisdiction exists, a court may look past the complaint to any pertinent evidence." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 376 (7th Cir. 2019).

claim with the National Railroad Adjustment Board ("NRAB"). (*Id*. ¶ 6.) On October 24, 2019, Amtrak responded to Plaintiff's claim by providing a submission to the NRAB in accordance with the Board's procedures. (*Id*. ¶ 7.)

On March 22, 2020, while his claim was still pending before the NRAB, Plaintiff filed the instant complaint, seeking the same relief he requests before the NRAB. Specifically, he alleges that (1) "Amtrak has wrongly (and in violation of the RLA) denied Plaintiff arbitration"; and (2) "Amtrak has denied Plaintiff the due process for which Amtrak police officers are entitled (by contract) where an officer has been terminated."

Plaintiff alleges that the RLA "imposes a duty on Amtrak to continue with the arbitration which was underway or to commence arbitration for Plaintiff." (Compl., Dkt. # 1, Count I, at 7.) In his response to the motion to dismiss, Plaintiff states that he "does not dispute that the RLA (Section 3 First of the RLA, 45 U.S.C. § 153 First) imposes an arbitration requirement; however, the issue is that Amtrak has represented that it will not participate in arbitration." (Pl.'s Resp., Dkt. # 14, at 1.) To the contrary, Heverling's unrebutted declaration establishes that Amtrak is participating in the NRAB arbitration. Thus, Plaintiff is already receiving the relief he seeks. Plaintiff's contention that "[t]here is a risk that the NRAB, for whatever unknown reason . . . at this time, could decide not to hear the matter" is wholly speculative and unsupported by any evidence.

After asking the Court to force Amtrak to engage in an arbitration it is already participating in, Plaintiff then asserts that his "district court case should be permitted to proceed, since [he] repeatedly urged the union to protest his discharge." (*Id*., at 4.) But this is a case against Amtrak, not the FOP. Moreover, as just discussed, Plaintiff's case is proceeding in arbitration before the NRAB, where Plaintiff filed his claim. The NRAB was created to arbitrate "disputes between an employee or group of employees and a carrier or carriers growing out of *grievances* or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . ." 45 U.S.C. § 153, First(i) (emphasis added). Plaintiff's grievance against Amtrak, pursuant to which he voluntarily filed a claim before the NRAB, falls under this provision. Although Plaintiff contends that he should be entitled to step into the shoes of the union and continue the proceeding before the special board, a special board of adjustment can be established by "any individual carrier, system, or group of carriers and any class or classes of its or their employees, *all acting through their representatives* . . . ." *Id*. § 153, Second (emphasis added). Plaintiff is now proceeding personally and is not represented by the FOP. "Congress did not provide for a Special Board where . . . the dispute is between an individual employee and a carrier." *Chi. R. I. & P. R. Co. v. Nat'l Mediation Bd.*, 435 F.2d 339, 341 (7th Cir. 1970).

Plaintiff also asserts that the Court "may decide whether [he] possesses a contractual right to demand a special board under the applicable [CBA], due to the unusual circumstances." (Pl.'s Resp. Dkt. # 14, at 7.) The Court disagrees. As the Seventh Circuit has stated, if a disagreement "relates only to the interpretation or application of an existing [CBA], it is labeled 'minor' and must go to arbitration." *Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R.R.*

2

*Co.*, 879 F.3d 754, 755 (7th Cir. 2017). Therefore, to the extent Plaintiff seeks an interpretation of the CBA, the issue must be addressed in arbitration.

    For the reasons stated above, this case is dismissed for lack of subject-matter jurisdiction.

**Date:** July 1, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**